**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ARLANDA ARNAY SMITH, | : | PRISONER CIVIL RIGHTS |
| INMATE NO. 00158084, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:07-CV-1149-RWS |
| | : | |
| M.L. MERCER and DEKALB | : | |
| COUNTY POLICE | : | |
| DEPARTMENT, | : | |
| Defendants. | | |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.    The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint

may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II.   Discussion

    A.   Plaintiff's Allegations

According to Plaintiff, on September 27, 2006, Defendant Mercer, a DeKalb County Police Officer, had him arrested. (Doc. 1 at ¶ IV). Plaintiff alleges that actions taken by Mercer related to Plaintiff's arrest violated his rights under the United States Constitution and Georgia law in several ways. (Id.).

Plaintiff first alleges that Mercer caused him to be arrested in violation of the Fourteenth Amendment and Georgia law "by falsely swearing a domestic violence warrant against the Plaintiff with a non-domestic violence offense." (Id.). Mercer then allegedly violated Plaintiff's due process rights and Georgia law by failing to bring Plaintiff before a judicial officer within seventy-two (72) hours after his arrest. (Id.). Plaintiff also alleges that the arrest warrant was based on "illegal and stolen evidence" that was "unlawfully obtained." (Doc. 1, attachment to ¶ IV at p. 2).

Plaintiff states that Mercer violated his rights when two DeKalb County Deputy Sheriffs, not named as parties in this action, caused "bloodshed and bodily injury upon the Plaintiff to effect the misdemeanor arrest. . . ." (Doc. 1 at ¶ IV; Id.,

3

attachment to ¶ IV at pp. 1-2). Plaintiff does not describe the injuries he allegedly suffered or the events leading to those injuries.

Plaintiff further asserts that Mercer violated his Sixth Amendment right to confront witnesses "by failing to take the Plaintiff before a preliminary commitment or probable cause hearing. . . ." (Id., attachment to ¶ IV at p. 1). Plaintiff also alleges that the failure to bring him to a probable cause hearing violated his Sixth Amendment right to be informed of the nature of the charges against him. (Id.). Relatedly, Plaintiff claims that Mercer failed to provide him with a copy of the arrest warrant in violation of the Sixth Amendment. (Id.).

Finally, Plaintiff alleges that Mercer violated the Eighth Amendment by depriving him of the "warrant application" and a probable cause hearing. (Id. at p. 2). The Eighth Amendment was also allegedly violated due to the bodily injury Plaintiff suffered during his arrest. (Id.).

Plaintiff seeks money damages for each of the alleged constitutional violations.

B.   Analysis of Plaintiff's Claims

Plaintiff previously filed an action involving the same, or similar, factual allegations in a previous action in this Court. See Smith v. Mercer, et al., Case No.

4

1:07-CV-0570-RWS (N.D. Ga. Mar. 29, 2007). On March 29, 2007, this Court dismissed Plaintiff's previous civil right action, pursuant to 28 U.S.C. § 1915A. Id. at Docs. 3 and 4.

With the possible exception of his allegations concerning bodily injury during his arrest, the doctrine of res judicata bars Plaintiff's claims against Mercer and the DeKalb County Police Department. "Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit." I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986). The doctrine of res judicata bars a subsequent suit when four elements are present: "(1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." Id. (printed without corrections).

The previous action was dismissed on the merits by a court of competent jurisdiction. Further, as Mercer is an employee of the DeKalb County Police Department, these two Defendants are in privity with each other. Estevez v. Nabors, 219 F.2d 321 (5th Cir. 1955) ("government, its officers, and its agencies

are regarded as being in privity for such [res judicata] purposes"); <u>Gonzales v. Hernandez</u>, 175 F.3d 1202, 1206 (10th Cir.1999) (same). As to the fourth element, Plaintiff's claims were either raised in the previous action or could have been raised in that action. Accordingly, Plaintiff's claims are barred by the doctrine of res judicata. <u>See</u> <u>Kinnell v. Graves</u>, 265 F.3d 1125, 1127-28 (10th Cir. 2001) (res judicata bars relitigation of state prisoner claims previously dismissed as frivolous); <u>I.A. Durbin, Inc.</u>, 793 F.2d at 1549 ("In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form.").

Additionally, even if Plaintiff's bodily injury allegations could be distinguished from his previous civil rights complaint, he has not alleged any fact indicating that the actions of the named Defendants were responsible for the alleged, unspecified injury inflicted by two deputy sheriffs. In fact, Plaintiff has not alleged facts which would support a claim that any person acting under color of state law violated his constitutional rights during his arrest. <u>See</u> <u>Graham v. Conner</u>, 490 U.S. 386, 396 (1989) (discussing the level of factual detail needed to determine whether the force used in an arrest was unreasonable). Thus, regardless

AO 72A
(Rev.8/82)

of whether res judicata bars Plaintiff's excessive force claim, it should be dismissed as frivolous.

III.  Conclusion

**IT IS ORDERED** that the instant civil rights action [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A.  For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this   31st   day of May, 2007.

*/s/ Richard W. Story*
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE