IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ARLANDA ARNAY SMITH, | : | PRISONER CIVIL RIGHTS |
| INMATE NO. 00158084, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:07-CV-1149-RWS |
| | : | |
| M.L. MERCER and DEKALB | : | |
| COUNTY POLICE DEPARTMENT, | : | |
| Defendants. | : | |

**ORDER AND OPINION**

On May 31, 2007, this Court entered an Order dismissing this action, pursuant to the doctrine of res judicata. (Doc. 3). On February 27, 2008, the United States Court of Appeals for the Eleventh Circuit vacated the Order of May 31, 2007, and remanded this action to this Court. Smith v. Mercer, et al. Case No. 07-13101 (11th Cir. Feb. 27, 2008). The matter is now before this Court for a second 28 U.S.C. § 1915A frivolity screening.

I.   The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears

from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal

2

conclusions that are couched as factual allegations); <u>Bolin v. Story</u>, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); <u>Beck v. Interstate Brands Corp.</u>, 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II. <u>Discussion</u>

    A. <u>Plaintiff's Allegations</u>

According to Plaintiff, on September 27, 2006, Defendant Mercer, a DeKalb County Police Officer, had him arrested. (Doc. 1 at ¶ IV). Plaintiff alleges that actions taken by Mercer related to Plaintiff's arrest violated his rights under the United States Constitution and Georgia law in several ways. (<u>Id.</u>).

Plaintiff first alleges that Mercer caused him to be arrested in violation of the Fourteenth Amendment and Georgia law "by falsely swearing a domestic violence warrant against the Plaintiff with a non-domestic violence offense." (<u>Id.</u>). Mercer then allegedly violated Plaintiff's due process rights and Georgia law by failing to bring Plaintiff before a judicial officer within seventy-two (72) hours after his arrest. (<u>Id.</u>). Plaintiff also alleges that the arrest warrant was based on

3

"illegal and stolen evidence" that was "unlawfully obtained." (Doc. 1, attachment to ¶ IV at p. 2).

Plaintiff states that Mercer violated his rights when two DeKalb County Deputy Sheriffs, not named as parties in this action, caused "bloodshed and bodily injury upon the Plaintiff to effect the misdemeanor arrest. . . ." (Doc. 1 at ¶ IV; Id., attachment to ¶ IV at pp. 1-2). Plaintiff does not describe the injuries he allegedly suffered or the events leading to them.

Plaintiff further asserts that Mercer violated his Sixth Amendment right to confront witnesses "by failing to take the Plaintiff before a preliminary commitment or probable cause hearing. . . ." (Id., attachment to ¶ IV at p. 1). Relatedly, Plaintiff alleges that the failure to bring him to a probable cause hearing violated his Sixth Amendment right to be informed of the nature of the charges against him. (Id.). Further, Plaintiff claims that Mercer failed to provide him with a copy of the arrest warrant in violation of the Sixth Amendment. (Id.).

According to Plaintiff, Mercer violated the Eighth Amendment by not having Plaintiff present at the "warrant application" hearing and a probable cause hearing. (Id. at p. 2). The Eighth Amendment was also allegedly violated due to the bodily injury Plaintiff suffered during his arrest. (Id.).

4

Plaintiff seeks money damages for each of the alleged constitutional violations. (Doc. 1 at ¶ V).

B.   <u>Analysis of Plaintiff's Claims</u>

As an initial matter, Plaintiff has named the DeKalb County Police Department as a Defendant in this action. "Sheriff's departments and police departments are not usually considered legal entities subject to suit." <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992). Therefore, this action cannot be maintained against the DeKalb County Police Department, and this Court will consider Plaintiff's claims as they relate to Defendant Mercer.

Plaintiff claims that Defendant Mercer (1) falsely obtained a domestic violence arrest warrant for an offense not related to domestic violence, (2) relied on illegal and stolen evidence, and (3) arrested him without probable cause. This Court first notes that Plaintiff has not alleged facts to support these legal conclusions, and therefore, they may be dismissed on that basis. <u>See</u> <u>Papasan</u>, <u>supra</u>.

Further, in another civil rights action filed by Plaintiff, the attached arrest warrant shows that Plaintiff was arrested for violating a Temporary Protective Order related to a domestic violence case by "sending the victim a card on their anniversary, 6-18-2006 (postmarked 8-15-2006)." <u>Smith v.</u>

5

Mercer, et al., Civil Action No. 1:07-CV-0570-RWS at Doc. 1, attached criminal arrest warrant (N.D. Ga. Mar. 27, 2007). Plaintiff's criminal case in the Superior Court of DeKalb County shows that he is charged with two counts of violating a family violence order and one count of felony obstruction. State v. Smith, Criminal No. 06CR5023.[1] (www.co.dekalb.ga.us/superior). Thus, contrary to Plaintiff's allegation, his arrest was related to a domestic violence criminal case.

This Court further notes that Plaintiff's conclusory claim that the evidence was illegal and stolen appears less than plausible. The arrest warrant states that the anniversary card was postmarked, and therefore, Plaintiff had already mailed the card when it was obtained by Defendant Mercer.

More importantly, the Supreme Court has held that a plaintiff must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 before he can recover money damages in a civil rights action

---

[1] The record in Plaintiff's state criminal case shows that he has elected to defend himself pro se, and since his arrest, he has filed at least twenty (20) motions and numerous letters.

6

related to his state criminal case. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir.) (applying Heck to suits "premised as here on the invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"), cert. denied, 522 U.S. 834, 118 S. Ct. 104, 139 L. Ed. 2d 58 (1997); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that Heck bars [plaintiff's] claim that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."). Plaintiff, whose state criminal case is still pending, has not alleged facts which would support a finding that any criminal tribunal has ruled that the charges against him should be dropped. Accordingly, this Court finds that Plaintiff is not entitled to recover damages for these claims. A civil rights action barred by Heck, should be dismissed "with prejudice." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). However, if Plaintiff "eventually satisfies the precondition to a valid claim under Heck," he is permitted to raise those claims in a new civil rights action. Id. at 165 n.3.

As to Plaintiff's bodily injury claim, he has alleged that the actions of Defendant Mercer were responsible for the

7

alleged, unspecified injury inflicted by two deputy sheriffs. Plaintiff appears to allege, however, that Mercer was not present during Plaintiff's arrest. (Doc. 1 at ¶ IV; Doc. 1, attachment to ¶ IV at p. 1). Regardless, Plaintiff has not alleged facts which would support a finding that Mercer or any person acting under color of state law violated Plaintiff's constitutional rights during his arrest. See Graham v. Conner, 490 U.S. 386, 396 (1989) (discussing the level of factual detail needed to determine whether the force used in an arrest was unreasonable). Thus, Plaintiff's excessive force claim should be dismissed as frivolous.

Plaintiff also claims that Mercer did not provide him with a copy of the arrest warrant. As noted above, Mercer may not have participated in the actual arrest, and Plaintiff did obtain a copy of the arrest warrant. Even if Mercer was present during Plaintiff's arrest, federal law does not require a defendant to be served with a copy of the arrest warrant at the time of the arrest. See e.g. United States v. Turcotte, 558 F.2d 893, 896 (8th Cir. 1977). Thus, this claim is also without merit.

Plaintiff's remaining claims concern Mercer's alleged failure to bring him to state court for the arrest warrant application hearing and a preliminary commitment hearing. Plaintiff alleges that Georgia law and the Fourth Amendment of

8

the United States Constitution require him to be present for these hearings.

The Supreme Court has held that the Fourth Amendment is not violated when probable cause is established via a non-adversarial hearing held "either before or promptly after arrest." Baker v. McCollan, 443 U.S. 137 143 (1979) (internal quotation omitted). Relevant to the instant civil rights action, the probable cause standard is the same regardless of whether the hearing is held prior to or after the arrest. Id. Therefore, an arrest warrant hearing in which a magistrate judge, relying on "on hearsay and written testimony," determines there is probable cause for arresting an individual satisfies the Fourth Amendment. Id. at 143 n.2; Gerstein v. Pugh, 420 U.S. 103, 121-22 (1975) ("confrontation and cross-examination" are not constitutionally required in pre-arrest and post-arrest probable cause hearings). The arrest warrant issued by the DeKalb County Magistrate Judge showed that a non-adversarial hearing was held and the Magistrate Judge found that there was "probable cause" to have Plaintiff arrested. Smith, Civil Action No. 1:07-CV-0570-RWS at Doc. 1, attached criminal arrest warrant. Thus, pursuant to McCollum, Plaintiff does not have a Fourth Amendment right to a post-arrest probable cause hearing

or to be present at the arrest warrant hearing. Therefore, these claims should also be dismissed.

As a final matter, Plaintiff has also alleged various violations of Georgia law. It appears that Plaintiff has only alleged these violations as a means of establishing his federal law claims. This Court has concluded that Plaintiff has failed to state a federal cause of action. Therefore, to the extent Plaintiff may be seeking relief based on Georgia law, it would be inappropriate for this Court to exercise its supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c)(3).

III. Conclusion

**IT IS ORDERED** that the instant civil rights action is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this ___21st___ day of April, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

10