IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ARLANDA ARNAY SMITH, | : | PRISONER CIVIL RIGHTS |
| INMATE NO. 00158084, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:07-CV-1149-RWS |
| | : | |
| M.L. MERCER and DEKALB | : | |
| COUNTY POLICE | : | |
| DEPARTMENT, | : | |
| Defendants. | : | |

## ORDER

On April 21, 2008, this Court entered an Order dismissing this action, pursuant to 28 U.S.C. § 1915A. (Docs. 33-34). However, shortly before this Court entered the Order dismissing this action, Plaintiff filed a motion to amend and a motion for subpoenas. (Docs. 31-32). Plaintiff has also filed a motion for reconsideration of this Court's Order of April 21, 2008. This Court will now address these motions.

I.  Motion to Amend

Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiff "may amend . . . once as a matter of course." As Plaintiff filed his amendment prior to this Court dismissing his complaint, he should be permitted to amend his complaint.

Plaintiff's amendment offers no additional, material facts. Instead, the amendment is, in essence, a restatement of the claims raised in Plaintiff's original complaint. Accordingly, for the reasons given in the Order of April 21, 2008, Plaintiff's civil action should be dismissed.

II.     Motion for Reconsideration

Plaintiff asks this Court to reconsider its decision to dismiss this action. (Doc. 35). "Motions for reconsideration shall not be filed as a matter of routine practice." Local Rule 7.2(E). Instead, a motion for reconsideration "should be reserved for extraordinary circumstances, such as the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent manifest injustice." Adler v. Wallace Computer Services, Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001); Preserve Endangered Areas of Cobb's History v. United States Army Corps of Engineers, 916 F. Supp. 1557, 1560-61 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

In his complaint, Plaintiff alleged that Defendant Mercer violated the Fourteenth Amendment "by falsely swearing a domestic violence warrant against" him for a "non-domestic violence offense." (Doc. 1 at ¶ IV). In his motion for

AO 72A
(Rev.8/82)

reconsideration, Plaintiff contends that this Court erred by finding that Plaintiff's arrest was related to a domestic violence case. (Doc. 35, attached brief, at 1-2). In support, Plaintiff looks to Georgia law, O.C.G.A. § 19-13-1, and claims that his arrest does not satisfy the criteria for a domestic violence arrest. (Id. at 1-2).

According to the database for the Superior Court of DeKalb County, Plaintiff has been charged with felony obstruction and two counts of violating a family violence order. Smith v. State, Criminal Action No. 06-CR-5023. (www.ojs.dekalbga.org). Plaintiff is correct that violating a family violence order is a misdemeanor in Georgia and not listed as a crime of domestic violence. See O.C.G.A. § 16-5-95(b); O.C.G.A. § 19-13-1. However, this Court was only finding that Plaintiff's arrest was related to a domestic violence case. (Doc. 33 at 5-6). Whether or not the arrest warrant form, labeled "DOMESTIC VIOLENCE," was the correct one under Georgia law to use for obtaining authority to arrest Plaintiff is not material to the resolution of the instant civil rights action.

This Court found that Plaintiff's challenge to the constitutionality of his arrest and request for money damages was premature, pursuant to Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). (Doc. 33 at 6-7). As this Court explained to Plaintiff, he must either have the pending criminal charges dismissed,

3

have his conviction reversed on direct appeal, or obtain collateral relief before seeking damages in a federal civil rights action. (Id.).

Plaintiff devotes considerable effort trying to satisfy Heck by attempting to explain why his arrest violated Georgia law. (Doc. 35, attached brief, at 4-8). Nonetheless, Plaintiff does not address the preconditions, set forth in Heck, that he must satisfy before seeking damages for an illegal arrest.

In his complaint, Plaintiff alleged that the arrest warrant was based on "illegal and stolen evidence" that was "unlawfully obtained." (Doc. 1, attachment to ¶ IV, at 2). According to the arrest warrant, this evidence is an anniversary card Plaintiff mailed to his estranged wife, and the card was postmarked August 15, 2006. See Smith v. Mercer, et al., Civil Action No. 1:07-CV-0570-RWS (N.D. Ga. Mar. 27, 2007). Because the arrest warrant stated that the card was postmarked, this Court found the claim that the evidence was stolen and unlawfully obtained to be less than plausible. (Doc. 33 at 6).

In the instant motion, Plaintiff acknowledges that "the envelope appears to be postmarked. (Doc. 35, attached brief, at 2). Plaintiff claims that the anniversary card was not postmarked, and neither the envelope nor the card showed his name. Therefore, according to Plaintiff, there is no proof he mailed the card. (Id.). This

4

Court did not conclude that Plaintiff mailed the anniversary card. More importantly, this Court found this claim to be barred by Heck. (Doc. 33 at 6). As noted above, Plaintiff has not satisfied Heck, and therefore, Plaintiff's claim with regard to how the anniversary card was obtained by Defendant Mercer does not provide a basis for granting his motion for reconsideration.

Finally, Plaintiff challenges this Court's conclusion that Defendant Mercer did not violate the Fourth Amendment by failing to bring him to state court for a probable cause hearing within seventy-two (72) hours after he was arrested. (Doc. 33 at 8-9). This Court, relying on Baker v. McCollan, 443 U.S. 137, 143 (1979) and Gerstein v. Pugh, 420 U.S. 103, 121-22 (1975), found that the non-adversarial hearing conducted by the magistrate judge prior to issuing the arrest warrant satisfied the Fourth Amendment, and consequently, Defendant Mercer was not required by federal law to bring Plaintiff to a separate probable cause hearing. (Doc. 33 at 9-10).

Plaintiff construes this Court's decision as a finding that there was probable cause to support his arrest, and he attempts to show that the magistrate judge did not have sufficient evidence to find that there was probable cause to support his decision to issue the warrant. (Doc. 35, attached brief, at 8-10). This challenge to

the arrest warrant hearing was not raised in Plaintiff's complaint. As Plaintiff does not attempt to explain his failure to raise this claim, it is not properly before this Court. Adler, 202 F.R.D. at 675 ("a reconsideration motion may not be used to offer new legal theories or evidence . . ., unless a reason is given for failing to raise the issue at an earlier stage in the litigation").

In the alternative, this Court also notes that the issue of whether the arrest warrant hearing provided the magistrate judge with sufficient evidence to issue the warrant is one that must first be ruled upon by the state criminal court, and any adverse decision should be submitted for review to the appropriate state appellate court before seeking relief in federal court. See Allee v. Medrano, 416 U.S. 802, 856-7 (1974) (when a state arrestee claims his arrest lacked probable cause, he should "seek to suppress the evidence in his state criminal trial on the ground that the arrest which preceded the seizure was not based upon probable cause be raised"); Cleary v. Bolger, 371 U.S. 392, 401 (1963) (a state defendant may challenge the constitutionality of issues related to his state criminal proceedings by raising an "objection in the state courts."); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (a federal district court does not have the authority to act as a court of appeals to challenge a decision of a state

court); Rooker v. Fidelty Trust Co., 263 U.S. 413, 416 (1923) (same); Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements . . . is that petitioners must first exhaust their state court remedies.") (Tjoflat, J., concurring).  Accordingly, Plaintiff's claim that the magistrate judge did not have sufficient evidence to find that there was probable cause to support Plaintiff's arrest does not justify granting his motion for reconsideration.

III.   Conclusion

**IT IS ORDERED** that Plaintiff's motion to amend [Doc. 31] is **GRANTED**.  This Court's Order of April 21, 2008, is hereby **AMENDED** to reflect that the instant, amended civil rights action is **DISMISSED**, pursuant to 28 U.S.C. § 1915A.  Plaintiff's motion for reconsideration [Doc. 35] is **DENIED**.  Plaintiff's motion for subpoenas [Doc. 32] is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this  13th  day of May, 2008.

_/s/ Richard W. Story_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE